# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FLETCHER FLY**                                                                           **PLAINTIFF**

**V.**                                                                         **CASE NO. 3:08CV8**

**YALOBUSHA COUNTY, MISSISSIPPI**                                            **DEFENDANT**

## ORDER

This cause comes before the court on the motion [26] of the defendant, Yalobusha County, Mississippi, to exclude John J. Crow, Jr. as a witness in this action.

The plaintiff, Fletcher Fly, is suing Yalobusha County for taking a portion of his property. Fly appears to offers a number of theories of recovery, but each of them revolves around whether the county took his property, had the right to take the property, or whether the county has to pay him for the property. Crow represents the county in this dispute.

Neither attorney provides a full set of facts or authorities from which to work. It appears to the court the basic facts of this skirmish are as follows. In August 2002, Irene Walker, who is not a party to this matter, hired Crow to represent her in prohibiting Fly from blocking 300 yards of dirt road on his property which she used to access her property. Crow then wrote a cease and desist letter to Fly stating this dirt road was in fact County Road 161 and he could not block a public road.

Upon receiving this letter, Fly hired a Mr. Horan to represent him. On January 9, 2003, Fly wrote to Horan informing him the dirt road was a public road. It is unclear what if anything happened in this dispute between January and July 2003. In July, Walker and her son Danny appeared before the Yalobusha County Board of Supervisors to request they keep the road open

and free from obstruction.  At this time Danny was having trouble accessing the Walker property because of a trench dug across the road.  Crow did not represent the Walkers at this meeting, having informed them he could not represent them in an action involving his client Yalobusha County.  At that meeting of the Board of Supervisors, Crow informed the Board of his past representation of Walker.  It is unknown if the Board formally waived any conflict of interest at this time.  However, it is clear Crow represented the Board in this matter.  Crow sought an attorney general's opinion of the issue.  Crow does not inform the court of the contents of that opinion.  However, based on the actions following this step the court assumes the attorney general believed the road in question to be a public road.

There then was a break in the problems with the use of the road.  However, "years" later Fly constructed a shack on the road.  At that time, as counsel for Yalabousha County, Crow advised Fly to remove the shack.  Fly then filed the instant suit.  In prosecuting this suit, Fly wishes to call Crow as a witness.  Crow claims that he has no admissible testimony to offer.

Fly counters that he has an action against Crow for violation of the Mississippi Ethics in Government Act.  However, Crow is not a named party to this suit nor does the complaint allege violations of the Ethics Act.

Neither party cites to one relevant statute, case, or rule.  The court believes this controversy is controlled by Federal Rules of Evidence 401 and 402.  The question of whether Crow can be called as a witness rests solely on whether he has testimony relevant to the case at hand.  At this point Fly has offered nothing to show Crow has personal knowledge of any relevant facts.  Crow though has not convinced the court that he does not have such information.  As such the court will exclude Crow from being a witness at this point.  However, the court will allow Fly to depose Crow if he has a good faith basis for doing so.  Following this deposition the

court is willing to reconsider its ruling.

Defendant's motion to exclude Crow as a witness is GRANTED.

This the 10th day of December, 2008.

                                            **/s/ MICHAEL P. MILLS**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**
                                            **NORTHERN DISTRICT OF MISSISSIPPI**