**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**FLETCHER FLY**                                                                                    **PLAINTIFF**

**V.**                                                                                    **CASE NO. 3:08CV8**

**YALOBUSHA COUNTY, MISSISSIPPI**                                                                **DEFENDANT**

## ORDER

This cause comes before the court on the motion [43] of the plaintiff, Fletcher Fly, to alter the court's prior entry of summary judgment.

This suit arises out of Fly's complaint that 300 yards of his property have been "invaded" by the defendant, Yalobusha County, Mississippi. It is undisputed that the property in question became a county road sometime before the early 1950's.[1] Fly came into possession of the land surrounding the road in 1994, subject to his mother's life estate. At some point between when the road initially took on a public character and Fly's possession of the surrounding land, a portion of the road washed out. The County then stopped maintaining the road for a period of time. There is a dispute between the parties as to whether this period was three years or twenty years. Additionally, there is a dispute as to whether the wash out took place within Fly's property.

Yalobusha County gave notice of intent to adopt an official road plan, advertising in the North Mississippi Herald and Coffeeville Courier, announcing a public hearing for June 12, 2000, all pursuant to MISS. CODE ANN. § 65-7-4. No interested members of the public attended.

---

[1] The County argues this date although at least some testimony indicates the road was public as early as the 1800's.

Yalobusha County then adopted the road register and official map formally setting out all county roads. That plan lists the property in question as County Road 161, though in older times it had been known as Henry Hudson Road, and sometimes was also known as Chestnut Lake Road. Bowing to modern day notions of presumed efficiency, a sign designating it as "CR 161" was erected. Thus began the present dispute.

County Road 161 runs across the Fly property and accesses properties owned by the LaGasse family, David LaGasse individually, and a collection of folk known as the Magee Hunting Club. Utility lines, serving these properties, also run along the road.

Fly asks the court to reconsider its order closing the case because he brought a claim, not previously considered, that the County taking was for private use and thus prohibited by the Fifth Amendment. This claim is based on the assertion that the County abandoned the road through his property and he came into possession of that land. He then further asserts the County took the land by including it in the 2000 road plan.

Under Federal Rule of Civil Procedure 59(e), there are three possible grounds for granting a motion for altering a court's judgment: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

The court finds that Fly has stated a ripe claim that the County took the road for private use. *See Samaad v. City of Dallas*, 940 F.2d 925 (5th Cir. 1991). This court erred as a matter of law by not considering the "taking for private use" claim. The court will thus reconsider the remaining arguments made in Yalobusha County's original motion for summary judgment.

Summary judgment is appropriate when the pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Yalobusha County argues (1) it did not "take" the road, because the road already belonged to the County; (2) any taking was for public use; and, (3) the statute of limitations bars the instant suit.

The court declines to decide if Yalobusha County took the road from Fly. Even assuming that the County took the road, Fly's claim fails. The lawyers in this suit have favored the court with no relevant citations on what constitutes a private taking. In their defense, the court has found few Fifth Circuit authorities on point. The paucity of legal ruminations in these matters should not deter the court from seeking a logical answer to this conflict.

Oft accepted legal treatises, while not binding, are helpful. "The burden on the state to show the existence of a public use to justify a taking is remarkably light, requiring only a showing that the state's exercise of its eminent domain power is rationally related to a conceivable public purpose." 26 AM. JUR. 2d *Eminent Dom* § 44 (2009) (internal citations omitted). "[C]ourts will not interfere with [takings] unless the use is clearly, plainly, and

manifestly of a private character." 29A C.J.S. *Eminent Dom* § 28 (2009) (internal citations omitted).

Courts have consistently held taking of property "for a public highway, street, or road constitutes a public use." 26 AM. JUR. 2d *Eminent Dom* § 67 (2009) (internal citations omitted). "The taking of land for highways is not limited to that necessary for actual travel." 29A C.J.S.*Eminent Dom* § 30 (2009) (internal citiations omitted). Likewise the construction of telephone lines and cables over land is ordinarily a public use. *Brown v. Legal Foundation of Washington*, 538 U.S. 216 (2003). Courts have held that running telephone lines is a public use no matter how few customers are affected. 29A C.J.S. *Eminent Dom* § 34 (2009) (internal citations omitted). Finally, "[t]he furnishing of water to the inhabitants of a community is a public use for which private property may be condemned." 29A C.J.S. *Eminent Dom* § 35 (2009).

The County has the power to take property for public use. A roadway open to the public, and as in this case used for the connection of utilities to multiple residences, obviously constitutes a public use. The roadway is open to all members of the community. It provides access to the property of at least three other property owners. Further, the land encompassed is used to provide utilities to those three land owners. The County has the power to take the land in question. No reasonable trier of fact could find otherwise.

The court does not address any other defenses raised by Yalobusha County since this analysis disposes of the taking for private use claim. Fly also asks the court to retain jurisdiction of this matter because he has a state law torts claim against the County Attorney. The court declines this request.

Summary judgment on the private takings claim is appropriate in favor of Yalobusha

County.  The court dismisses without prejudice any state law claims.

Fly's motion to amend the court's prior order is DENIED.

This the 11th day of June 2009.

        **/s/ MICHAEL P. MILLS**
        **CHIEF JUDGE**
        **UNITED STATES DISTRICT COURT**
        **NORTHERN DISTRICT OF MISSISSIPPI**